(35 App. Div. 328.)

SMITH et al. v. FERGUSON et al.

(Supreme Court, Appellate Division, Second Department. December 14, 1898.)

1. APPEAL—RECORD—IMPEACHMENT.

Where the record recites that the jury rendered a verdict for plaintiff and against defendant, it is not impeached by a statement, found in the case and exceptions, that the clerk received it in the absence of the court.

2. VERDICT—RECEPTION—IRREGULARITY.

Where there is an irregularity in the reception of a verdict for plaintiff, defendant's remedy is by motion to set it aside.

Appeal from trial term.

Action by William T. Smith and another against George D. Ferguson & Co. From a judgment entered on a verdict in favor of plaintiffs, defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Roger M. Sherman, for appellants.
Percival C. Smith, for respondents.

PER CURIAM. The only attack made by the appellants on this judgment is that, by the consent of the parties, the clerk received the verdict of the jury in the absence of the court. It is insisted that a verdict so received, even by consent, is a nullity. It is not necessary to express our opinion on this question, nor is it to be surmised that we regard the objection as well taken. In our opinion, the question is not presented to us. The record recites that the jury rendered a verdict for the plaintiffs and against the defendants; and the record cannot be considered as impeached by a statement, found in the case and exceptions, that the clerk received the verdict of the jury. No motion was made for a new trial. We think the defendants' remedy was by motion to set aside the verdict. But, conceding that the irregularity of which the defendants complain can be considered on an appeal from the judgment, it is necessary that the record should show that the irregularity exists. If the record is erroneous, the appellants should have moved to correct it; but, until corrected, the record is conclusive to the effect that the verdict was properly rendered, and cannot be impeached collaterally.

The judgment appealed from should be affirmed, with costs.